Argued March 7, affirmed March 19, 1969

## STATE OF OREGON, *Respondent, v.*
## DENNIS BOYD RUSSELL,
### *Appellant.*

451 P. 2d 858

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief were John B. Leahy, District Attorney, and John E. Moore, Deputy District Attorney, Eugene.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

Defendant appealed from a judgment of conviction of assault with intent to rape. His only assignment of error is his contention that there was insufficient evidence to prove his intent. For reasons the statement of facts will disclose, there was no question concerning his identification.

There was evidence to sustain the following statement of facts. The complaining witness was a child of 11 years of age. She took care of her younger brothers and sisters while her mother worked at night. On the evening in question she lay down without undressing on a bed with her younger sister and went to sleep. She was awakened shortly before 3:00 a.m. by a man, whom she identified as defendant, who was attempting to remove her jeans. In the ensuing struggle her jeans were removed and her underpants pulled down about her knees. Defendant threw her from her sister's bed to another in the same room. She managed to pull up her underpants and escaped to the living room. Defendant caught her by the arm and hit her in the face with his fist. He dragged her into the bathroom where he hit her again and knocked her into the bathtub where she struck her head on a faucet. Defendant then ran from the house.

An officer was summoned who found the complaining witness with a bloody face. She told the officer of the occurrence and walked with him to the patrol car. At this time another vehicle drove by and the officer stopped it in the belief it might contain a fellow officer. The defendant was the driver and the officer observed the similarity of his appearance with that of the person described by the prosecuting witness. His shirt was wrinkled, his trouser fly was open and he had an erection. Two of the knuckles on his

right hand were slightly skinned but did not appear to be bleeding. There was blood on the palm of his right hand. His shirt and handkerchief were stained with blood of a type dissimilar to his own blood and similar to that of the complaining witness. His shorts had seminal fluid on them.

 The evidence of intent was circumstantial. The jury was entitled to draw all reasonable inferences that were capable of being made from the circumstances. *State v. Zauner,* 250 Or 105, 441 P2d 85 (1968); *State v. Harris,* 241 Or 224, 231, 405 P2d 492 (1965). The assault upon the prosecuting witness by defendant, her forced disrobement, and his sexual stimulation at a time shortly thereafter are facts which are consistent with an intent by defendant to commit rape and from which such an inference can be readily drawn.

The judgment of the trial court is affirmed.